

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| IN RE | § | No. 08-23-00186-CV |
| JUAN G. DURAN, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator, Juan G. Duran, filed an original petition for writ of mandamus asserting the trial court clearly abused its discretion in granting a motion to compel the production of documents that allegedly exceeded the scope of discovery or were protected by the trade-secret privilege and that he has no adequate remedy on appeal. The requests for 2016-2023 information pertained to eight businesses allocated as Relator's separate property while Relator and Real Party in Interest (RPI) were married, pursuant to a 2019 partition agreement, which RPI alleges, in the present divorce proceeding, is not enforceable. Moreover, RPI alleges Relator's separate property is implicated in the present case for the trial court to determine a just and right division of the community estate.

We have reviewed Relator's petition, the mandamus record, and RPI's response, and conclude that the trial court did not clearly abuse its discretion in granting the motion to compel

production of documents because Relator did not meet his burden to establish that the requests exceeded the scope of discovery or that the information sought constitutes trade secrets. *See* Tex. R. App. P. 52.3 (requiring a "clear and concise argument for the contentions made with appropriate citations to authorities"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 134A.002(6) (defining trade secrets); *In re Bass*, 113 S.W.3d 735 739 (Tex. 2003) (explaining six-factor test courts apply to determine whether a trade secret exists (citing Restatement of Torts § 757 cmt. b. (1939); Restatement (Third) of Unfair Competition § 39 reporter's n. cmt. d.)).

Having found that the trial court did not clearly abuse its discretion, we deny the petition for mandamus. *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 526 (Tex. 2022) (the trial court must have clearly abused its discretion and relator must have no adequate remedy on appeal for the appellate court to grant mandamus relief).

LISA J. SOTO, Justice

September 5, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.